Dear Mr. Jackson:
This office is in receipt of your request for an Opinion from the Attorney General concerning the Capital Area Transit System Act (LA. REV. STAT. § 48:1451, et seq.) and its impact on the Metropolitan Council for the City of Baton Rouge and Parish of East Baton Rouge's appointment of members to the Board of Commissioners for the Capital Area Transit System ("CATS").
I. INITIAL ANALYSIS
LA. REV. STAT. § 48:1456 governs the appointment of members to CATS Board of Commissioners. It specifically states:
 C. (1) The members from each participating parish, including East Baton Rouge Parish, shall be appointed by its governing authority in accordance with the procedures established by the governing authority. Except as provided in Paragraph (2) of this Subsection, all terms shall end on the third December thirty-first following the appointment.
 (2) The initial members of the board of commissioners shall be the members serving as the board of directors of the Capital Area Transit System on the effective date of the Chapter. The three with the longest remaining terms on that board of directors shall serve an initial term lasting under December 31, 2008, the three with the shortest remaining terms shall serve an initial term lasting until December 31, 2006, and the other three shall serve an initial term lasting until December 31, 2007.[1]
Accordingly, on January 1, 2006 (the effective date of the Capital Area Transit Act), the CATS Board of Commissioners (formed as the result of the passage of the Capital Area Transit Law) was to be comprised of the members of the CATS Board of Directors (under the law which preexisted the Capital Area Transit Law). The three members with the longest remaining terms on that Board of Directors were to serve an initial term on the Board of Commissioners lasting under December 31, 2008. The three members with the shortest remaining terms were to serve an initial term lasting until December 31, 2006, and the other three were to serve an initial terms lasting until December 31, 2007. The members on the CATS Board of Commissioners were to appointed by the governing authority of their respective parish in accordance with the procedures established by the governing authority.
II. BACKGROUND
In your request, you advised that three members of the CATS Board of Directors were scheduled to be reappointed (after the expiration of their previous terms) to the Board in November, 2005. Had these appointments all occurred in November, 2005, these three individuals would have then qualified as the three members with the longest remaining terms to serve when the Capital Area Transit Law took effect under LA. REV. STAT. § 48:1456(C)(2) — they would have had some two years and eleven months yet to serve on their terms when the Capital Area Transit Law took effect. This would have then allowed these members to serve on the CATS Board of Commissioners through December 31, 2008, according to LA. REV. STAT. § 48:1456(C)(2).
But a problem arose when two of the members were reappointed in November, 2005. One was not reappointed until February 8, 2006. Consequently, the delay in the third member's reappointment may otherwise appear to have altered the ranking of the remaining board members relative to the date upon which their respective terms expire.
However, in your Opinion request, you also informed us you have "been informed that the City-Parish has an established practice of having appointments that are delayed be measured retroactively." This information was provided by a Special Assistant Parish Attorney for the City of Baton Rouge/East Baton Rouge Parish. In an email dated November 15, 2006, the Special Assistant Parish Attorney advised:
 . . . [i]t is the established practice of the Council to have appointments which are delayed or deferred to be measured retroactively.
The Special Assistant Parish Attorney then advised that January 1, 2006, would be the effective date of reappointment for the member whose reappointment was delayed. This put the particular member in the category of the three members with the longest remaining terms on the effective date of the act. Consequently, this member's current term will expire on December 31, 2008. And as you will recall, LA. REV. STAT. § 48:1456(C)(1) provides that the members on the CATS Board of Commissioners are appointed by the governing authority of their respective parish in accordance with the procedures established by the governing authority. To that end, and in recognizing the Metropolitan Council for the City of Baton Rouge and Parish of East Baton Rouge is the "governing authority" for matters such as this (in East Baton Rouge Parish), we are of the opinion that for purposes of analyzing the current makeup of the Board of Commissioners, the delayed reappointment retroactively occurred on January 1, 2006, the effective date of the Capital Area Transit Law. So on January 1, 2006, the member with the delayed reappointment had three years remaining on his then current term with the CATS Board of Directors. That would entitle him along with the other two members to remain on the Board until December 31, 2008.
II. YOUR QUESTION
 A. Whether the approach of the Metropolitan Council for the City of Baton Rouge and the Parish of East Baton Rouge is permissible considering La. Rev. Stat. § 48:1456(C)(2)'s requirement that the initial members of the CATS Board of Commissioners (under the Capital Area Transit Law) shall be comprised of the members of the CATS Board of Directors on January 1, 2006?
Based upon the aforementioned analysis, we are of the opinion that the Metropolitan Council's approach (to retroactively measure an appointment/reappointment that had been delayed) is permissible under the Capital Area Transit Law.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:____________________
 DAVID A. YOUNG
 Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA. REV. STAT. § 48:1456(C)(1) and (2).